**Date signed May 10, 2004**



_____
PAUL MANNES
U. S. BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Greenbelt

| | | | |
|---|---|---|---|
| **In Re:** | * | | |
| **Firstpay, Inc.,** | * | Case No. | 03-30102 PM |
| | * | Chapter | 7 |
| | * | | |
| **Debtor.** | * | | |
| ************************************ | * | | |
| **Michael G. Wolff, Chapter 7 Trustee,** | * | Adv. Proc. No. | 04-01221 |
| | * | | |
| | * | | |
| **Plaintiff,** | * | | |
| vs. | * | | |
| **ABN AMRO Mortgage Group, Inc.,** | * | | |
| | * | | |
| | * | | |
| **Defendant.** | * | | |

### MEMORANDUM OF DECISION

Plaintiff, the Chapter 7 Trustee, commenced this adversary proceeding by filing a Complaint for Avoidance and Recovery of Fraudulent Conveyance. Defendant ABN AMRO Mortgage Group, Inc. moved to dismiss the Complaint for failing to join necessary parties under F.R.C.P. Rule 12(b)(7), made applicable in this adversary proceeding by F.R.B.P. Rule 7012(b).

### Background

Plaintiff alleged in the Complaint that Defendant holds the note and mortgage to improved real property located in Brookeville, Maryland. The real property was acquired in

1996 by Sheldon D. Rothman and Anne S. Rothman, as tenants by the entireties, and Mark Rothman, as a joint tenant with the right of survivorship ("the Rothmans"). Plaintiff seeks by his Complaint to avoid as fraudulent certain payments made to Defendant in connection with its loan and to recover same on behalf of the estate.

Defendant's motion asserts that F.R.C.P. Rule 19(a) requires the joinder of the Rothmans[1] as necessary parties and requests that the adversary proceeding be dismissed as a result.[2] Plaintiff opposed asserting, among other things, that F.R.C.P. Rule 21 precludes dismissal.[3]

Analysis

The compulsory joinder of parties under F.R.C.P. Rule 19 ensures just adjudication of actions. CHARLES ALAN WRIGHT, ARTHUR R. MILLER AND MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE, § 1604 (3d ed. 2004). F.R.C.P. Rule 19(a) requires joinder of a person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action. FED.R.CIV. PROC. 19(a). If the absent party has not been joined, F.R.C.P. Rule 19(a) directs joinder. F.R.C.P. Rule 19(a) sets forth a two-part test as to whether a party must be joined – necessity as set forth in subsection (a) and, if joinder is not feasible, indispensability as set forth in subsection (b). Nat'l Union Fire Ins. Co. of Pittsburgh, Pennsylvania v. Rite Aid of South Carolina, Inc., 210 F.3d 246, 249 (CA4 2000). An analysis under subsection (b) is not required as joining the Rothmans in this action is feasible.

Subsection (a)(1) of F.R.C.P. Rule 19 provides that a party shall be joined if "in the person's absence complete relief cannot be accorded among those already parties[.]" There is no question that complete relief is available to the named parties. The Rothmans are not required to adjudicate this matter.

Subsection (a)(2) of F.R.C.P. Rule 19 provides that a party shall be joined if there will be a prejudicial effect on the absent party's ability to protect her interest or will render named parties susceptible to a substantial risk of incurring double, multiple or otherwise inconsistent obligations. If not joined, the Rothmans may, if Plaintiff prevails, be adversely affected by

---

[1] Defendant notes that both Anne S. Rothman and Mark Rothman are deceased and that Sheldon Rothman is the sole owner of the real property and responsible for the debt, along with the estates of Anne S. Rothman and Mark Rotham.

[2] The Court notes that non-joinder of an absent party under F.R.C.P. Rule 19(a) does not support dismissal of an action. Plaintiff acknowledges that F.R.C.P. Rule 19(b) is inapplicable as joining the Rothmans is feasible; accordingly, this action was not susceptible to dismissal.

[3] While joining the Rothmans would enable Defendant to file a cross-complaint against them, the identical relief could be obtained by a third-party complaint filed pursuant to F.R.B.P. 7014(a). The burden would remain on Defendant to establish the requisite jurisdiction.

avoidance of the transfers, however, they maintain the ability to defend their interests in any subsequent litigation that may arise.  Nonetheless, joining the Rothmans is desirable.  See Cable TV Fund 14-A, Ltd. d/b/a Jones Intercable v. Property Owners Assoc. Chesapeake Ranch Estates, 706 F. Supp. 422 430 (DC MD 1989).  "[T]he inquiry contemplated by Rule 19 is a practical one.  It is addressed to the sound discretion of the trial court."  Id. (citing Coastal Modular Corp. v. Laminators, Inc., 635 F.2d 1102, 1108 (CA4 1980).

    Accordingly, an appropriate order shall be entered denying Defendant's Motion to Dismiss and directing Plaintiff to amend his Complaint to add the Rothmans as defendants in this matter.

cc:    Debtor
       Chapter 7 Trustee
       Plaintiff
       Counsel for Plaintiff
       Defendant
       Counsel for Defendant

**End of Memorandum Decision**